### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19 C 641 |
| v. | Judge Thomas M. Durkin |
| DONALD LEE, ET AL, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Defendants Donald Lee and Torance Benson are charged with various crimes in aid of racketeering. They moved to dismiss Count I of the superseding indictment. R. 483. That motion is denied.

### Background

The defendants in this case are charged with conspiring to engage in a variety of racketeering acts through an enterprise known as the Wicked Town faction of the Traveling Vice Lords street gang, in violation of 18 U.S.C. § 1962(d). The superseding indictment includes 47 separate "means and methods" through which the enterprise is alleged to have carried out its goals, including drug trafficking, firearms offenses, murders, attempted murders, and robberies. Count I alleges the defendants conspired to participate in a racketeering enterprise through the outlined means and methods. A trial date of September 19, 2022 is in place. The defendants moved to dismiss Count I, arguing it fails to sufficiently allege an "enterprise" and "pattern" as required by Federal Rule of Criminal Procedure 7 and the Sixth Amendment.

## Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be a plain, concise, definite written statement of the essential facts constituting the offense charged. An indictment is legally sufficient if it: (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows a defendant to plead the judgment as a bar to any future prosecutions. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). Rule 12(b)(3)(B) allows a defendant to move to dismiss an indictment for failure to state an offense. When analyzing a motion to dismiss, allegations in the indictment are accepted as true, and the motion to dismiss "is not a means of testing the strength or weaknesses of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009).

## Analysis

To establish a RICO conspiracy, the government must show: "(1) an agreement to conduct or participate in the affairs (2) of an enterprise (3) through a pattern of racketeering activity." *United States v. Olson*, 450 F.3f 655, 664 (7th Cir. 2006). The defendants argue the indictment fails to allege the essential facts constituting an "enterprise" and a "pattern" as required by Rule 7, and furthermore fails to allege the existence of an agreement.

### I. Agreement

The defendants argue there are no allegations of an agreement because the indictment does not detail the nature of the agreement, when it was formed, who

joined it, how they joined it, and what conduct was required of them to join it. But agreements can be inferred from the circumstances and from the conduct in furtherance of the alleged agreement. *United States v. Ford*, 21 F.3d 749, 762 (7th Cir. 1994); *see also United States v. Neapolitan*, 791 F.2d 489, 501 (7th Cir. 1986). Because conspiracies are secretive by their very nature, the government is not required to allege or present evidence of a formal agreement. *Ford*, 21 F.3d at 762.

Here, the indictment alleges the defendants "knowingly conspired" to conduct and participate in affairs of Wicked Town through a pattern involving murder, attempted murder, narcotics offenses, and firearms offenses.[1] The indictment does not need to include the specific predicate acts that the defendants agreed to, although the government included those here. The indictment puts the defendants on notice as to what the agreement entailed with more specifics than is required of it, and the remaining details the defendants contend are lacking are evidentiary issues for the jury to decide. At this stage, an agreement has been sufficiently alleged and can further be inferred from the conduct in the indictment.

## II.    Enterprise

An enterprise is defined as "any group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has described an enterprise as a "group of persons associated together for a common purpose of engaging in a course of conduct," and its existence can be "proved by evidence of an

---

[1] A conspiracy is an agreement to commit a crime, and the terms are interchangeable. *See United States v. Haywood*, 324 F.3d 514, 516 (7th Cir. 2003).

ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Boyle v. United States*, 556 U.S. 938, 944-45 (2009).

The defendants argue that structure is "the central element" of an enterprise, and that the alleged Wicked Town enterprise is nothing more than a list of separate offenses with no structure or connection. R. 483 at 10-12 (citing *Olson*, 450 F.3d at 664). But *Boyle* provided guidance on this, explaining that the enterprise need not have any structural features beyond "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle*, 556 U.S. at 946.

The superseding indictment alleges Wicked Town "constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." R. 284 ¶ 3. The relationships between the members of the enterprise—or at least the defendants in this case—are clearly laid out. Even though *Boyle* held this much detail was unnecessary, the indictment here alleges Lee maintained a leadership role in the gang and Benson participated in illegal activities as a member of the enterprise and to further the enterprise's objectives. *See Boyle,* 556 U.S. at 948 (explaining there need not be a hierarchical structure or chain of command alleged). Of course, to be a member of the conspiracy, a defendant need not join at the beginning or know every single member or means by which its purposes are to be accomplished, but must generally be aware of the common purpose of the conspiracy. *See Menzies v. Seyfarth Shaw LLP*, 197 F. Supp. 3d 1076, 1103 (N.D. Ill. 2016) (citing *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721,

732 (7th Cir. 1998)). The indictment also clearly illustrates the longevity of Wicked Town, alleging it began around July 2000 and continued until at least August 2020. Thus, the indictment in this case goes beyond what is required to allege an enterprise. It lays out the defendants' various roles, common coded terminology used by members, common symbols, the name of the enterprise, and apparent meetings and ceremonies.

The defendants also argue the allegations of an enterprise and the allegations of a pattern of racketeering activity are redundant because of similarities in the indictment between the purposes of the enterprise and the means and methods employed by it. But "evidence used to prove the pattern of racketeering and the evidence establishing an enterprise may in particular cases coalesce." *Boyle*, 556 U.S. at 947. The remainder of the defendants' arguments involve the sufficiency of the evidence and are questions for a properly instructed jury to decide. The indictment sufficiently alleges the facts constituting the enterprise.

## III. Pattern of Racketeering Activity

To allege a pattern of racketeering, the government must show two acts of racketeering activity within ten years of each other. 18 U.S.C. § 1961(5). The predicate offenses must be related and amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 243 (1989). The defendants argue the allegations of a pattern of racketeering activity in the indictment are really made up of independent acts taken by independent actors, and fall short of what is required.

Relatedness between predicate offenses can be shown where the acts have the "same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240. Here, the offenses were all committed by alleged members of Wicked Town, and there are repeated instances of murder, attempted murder, drug crimes, and gun crimes. The acts are alleged to be the core of the enterprise and committed for similar purposes such as preserving the reputation and territory of the gang. The pattern alleged in the indictment also shows a threat of continued criminal activity, detailing numerous offenses over a 20-year period. The defendants do not challenge the continuity factor. Instead, the defendants again raise issues challenging the sufficiency of the government's evidence. For now, the government has alleged a pattern of racketeering activity, and any deficiencies in the government's proof are matters to argue to a jury or address with the Court at the close of the government's case or at the close of the trial.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Count I, R. 483, is denied.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: August 9, 2022

6